**GENERAL ANESTHESIA SPECIALISTS PARTNERSHIP MEDICAL GROUP, a California general partnership, Plaintiff–Appellant,**

v.

**PER–SE TECHNOLOGIES, INC., a Delaware corporation; PST Services, Inc., a Delaware corporation, Defendants–Appellees.**

No. 03–56935.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Filed Nov. 21, 2006.

David Crochetiere, Baute & Tidus LLP, Los Angeles, CA, for Plaintiff–Appellant.

Thomas P. Laffey, Esq., Ernst A. Halperin, Esq., Folger, Levin & Kahn, Los Angeles, CA, for Defendants–Appellees.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

## MEMORANDUM **

General Anesthesia Specialists Partnership Medical Group ("GASP") appeals from the district court's grant of summary judgment in GASP's lawsuit against Defendants (collectively "Per–Se") for damages caused as a result of medical billing errors. GASP claims that the district court erred by (1) applying an incorrect causation test, (2) improperly excluding some of GASP's evidence, and (3) concluding that GASP did not raise a genuine issue of material fact concerning causation. We review de novo the district court's decision to grant summary judgment. *See Shalit v. Coppe,* 182 F.3d 1124, 1126–27 (9th Cir. 1999).

We reverse the district court's decision because we conclude that GASP raised genuine issues of material fact concerning the issue of causation. Having determined that reversal is necessary on this issue, we need not address whether the district court applied the correct causation test or whether the district court properly excluded some of GASP's evidence.

The district court erred in granting summary judgment in favor of Per–Se because GASP raised genuine issues of material fact as to whether Per–Se was a substantial factor in causing GASP's damages. *See* FED.R.CIV.P. 56(c) (Summary judgment is only appropriate when the evidence on record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Mitchell v. Gonzales,* 54 Cal.3d 1041, 1 Cal.Rptr.2d 913, 819 P.2d 872, 873 n. 2 (1991) ("A legal cause of [injury] [damage] [loss] [or] [harm] is a cause which is a substantial factor in bringing about the [injury] [damage] [loss] [or] [harm].") (quoting BAJI 3.76).

The expert testimony evidence and the non-expert evidence on record both raise genuine issues of material fact concerning causation. The testimony of GASP's experts, Robert Burleigh and William Mowrey, raises a triable issue of fact by sufficiently demonstrating that the differential between accepted national benchmarks and Per–Se's deficient performance was due to the breaches alleged by GASP, rather than other potential causes of billing delays or nonpayment that were outside Per–Se's control. The non-expert evidence in the form of Per–Se employee depositions and email exchanges raises genuine issues of material fact as to whether Per–Se's negligent billing practices and poor performance with respect to securing Medicare credentials for GASP doctors resulted in the delay or nonpayment of bills, which caused monetary loss-

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

es to GASP. Therefore, the evidence on record demonstrates that GASP has presented genuine issues of material fact as to whether Per–Se was a substantial factor in causing GASP's damages. *See* FED. R.CIV.P. 56(c); *Mitchell,* 1 Cal.Rptr.2d 913, 819 P.2d at 873 n. 2.

**REVERSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.